# SPRING SESSIONS,

## 1905.

STATE *vs.* LEA GORDY.

*Criminal Law—Bastardy—Continuance—Sufficiency of Affidavit— Absence of Material Witness—What he would Prove— Recognizance for Appearance of Defendant.*

1. In an affidavit in support of a motion for the continuance of a bastardy case, where the ground is the absence of a material witness, it is sufficient to allege that the witness would testify that at or about the time the child was conceived the witness saw a man, other than the defendant, having sexual intercourse with the pro- secuting witness. It is not necessary to state the name of the absent witness.

2. In case of such continuance, no new recognizance for the appearance of the defendant at the next term of Court is necessary. The condition of the appeal recognizance covers, not only the appearance of the defendant at the first term, but his appearance during the entire time of the prosecution of the suit, and requires that he shall prosecute his appeal with effect, and not depart the Court without leave.

*(April 3, 1905.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Richards,* Attorney-General, for the State.

*Woodburn Martin* for the defendant.

Court of General Sessions, Sussex County, April Term, 1905.

APPEAL IN BASTARDY.

Counsel for defendant in the above stated case asked that the case be continued to the October Term, basing his application upon an affidavit of the defendant duly executed and filed, alleging the absence of a material witness and setting forth that said witness

would testify that at or about the time the child was conceived the witness saw a man, other than the defendant, having sexual intercourse with the prosecuting witness.

The Attorney-General objected to the sufficiency of the affidavit, contending that the name of the person alleged to have sexual intercourse with the prosecuting witness should be set forth in the affidavit.

LORE., C. J. :—We think the affidavit is sufficient and that it need not set out the name of the person; that being immaterial. Let the case be continued.

The Attorney-General then asked that the defendant be required to enter into a recognizance for his appearance at the next term of Court; stating that while he raised no question as to the sufficiency of the surety in the appeal bond given by the defendant, yet that he questioned whether it would cover the appearance of the defendant at the succeeding term.

LORE, C. J. :—No new recognizance is necessary.

The condition of the appeal recognizance covers not only the appearance of the defendant at this term, but his appearance during the entire time of the prosecution of the suit, and requires that he shall prosecute his appeal with effect and not depart the Court without leave.—*Rev. Code, 604.*